## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **GARY L. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **2:17-CV-00339-CSC** |
| ) | |
| **AUTAUGA NORTHERN RAILROAD,** ) | |
| **LLC; WATCO COMPANIES, LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT WATCO COMPANIES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Watco Companies, LLC, by and through their undersigned counsel, and in answer to Plaintiff's Complaint states as follows:

## Parties

1.     This Defendant is without sufficient information to admit or deny the Plaintiff's allegations as set forth in Paragraph 1 of the Plaintiff's Complaint and therefore demands strict proof thereof.

2.     This Defendant admits the Plaintiff's allegations as set forth in Paragraph 2 of the Plaintiff's Complaint.

29665202

1

3.     This Defendant admits that Watco Companies, LLC is a foreign corporation.  This Defendant denies the remaining allegations as set forth in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4.     This Defendant denies each and every allegation as set forth in Paragraph 4 of the Plaintiff's Complaint and demands strict proof thereof.

## Jurisdiction and Venue

5.     This Defendant asserts that pursuant to 28 U.S.C. §1332, jurisdiction and venue are proper in the United States District Court for the Middle District of Alabama.

## Facts

6.     This Defendant denies each and every allegation as set forth in Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7.     This Defendant denies each and every allegation as set forth in Paragraph 7 of the Plaintiff's Complaint and demands strict proof thereof.

8.     This Defendant denies each and every allegation as set forth in Paragraph 8 of the Plaintiff's Complaint and demands strict proof thereof.

9.     This Defendant denies each and every allegation as set forth in Paragraph 9 of the Plaintiff's Complaint and demands strict proof thereof.

10.     This Defendant denies each and every allegation as set forth in Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof.

11.    This Defendant denies each and every allegation as set forth in Paragraph 11 of the Plaintiff's Complaint and demands strict proof thereof.

12.    This Defendant denies each and every allegation as set forth in Paragraph 12 of the Plaintiff's Complaint and demands strict proof thereof.

13.    This Defendant denies each and every allegation as set forth in Paragraph 13, subparts (a) thru (f), of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT I

## Negligence

14.    This Defendant hereby incorporates by reference all previous admissions, denials and defenses as though fully set out herein.

15.    This Defendant denies each and every allegation as set forth in Paragraph 15, subparts (a) thru (f), of the Plaintiff's Complaint and demands strict proof thereof.

16.    This Defendant denies each and every allegation as set forth in Paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT II

## Wanton and Reckless Conduct

17.    This Defendant reasserts and reavers all previous admissions, denials and defenses to Paragraphs 1 through 16 as though fully set out herein.

29665202

3

18.    This Defendant denies each and every allegation as set forth in Paragraph 18 of the Plaintiff's Complaint and demands strict proof thereof.

19.    This Defendant denies each and every allegation as set forth in Paragraph 19 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT III

### Negligent Entrustment

20.    This Defendant reasserts and reavers all previous admissions, denials and defenses to Paragraphs 1 through 19 as though fully set out herein.

21.    This Defendant denies each and every allegation as set forth in Paragraph 21 of the Plaintiff's Complaint and demands strict proof thereof.

22.    This Defendant denies each and every allegation as set forth in Paragraph 22 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT IV

### Failure to Warn

23.    This Defendant reasserts and reavers all previous admissions, denials and defenses to Paragraphs 1 through 22 as though fully set out herein.

24.    This Defendant denies each and every allegation as set forth in Paragraph 24 of the Plaintiff's Complaint and demands strict proof thereof.

25.    This Defendant denies each and every allegation as set forth in Paragraph 25 of the Plaintiff's Complaint and demands strict proof thereof.

26.     This Defendant denies each and every allegation as set forth in Paragraph 26 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT IV [*sic*]

### Failure to Maintain

27.     This Defendant reasserts and reavers all previous admissions, denials and defenses to Paragraphs 1 through 26 as though fully set out herein.

28.     This Defendant denies each and every allegation as set forth in Paragraph 28 of the Plaintiff's Complaint and demands strict proof thereof.

29.     This Defendant denies each and every allegation as set forth in Paragraph 29 of the Plaintiff's Complaint and demands strict proof thereof.

30.     This Defendant denies each and every allegation as set forth in Paragraph 30 of the Plaintiff's Complaint and demands strict proof thereof.

## DEFENSES

1.     The Complaint fails to state a claim against this Defendant upon which relief may be granted.

2.     This Defendant pleads the general issue.

3.     There is no proximate causal relation or other causal relations between the acts or omissions of this Defendant and any injury or damage to Plaintiff.

4.     This Defendant did not breach any duty owed to Plaintiff.

29665202

5.     This Defendant is not guilty of any wrongful conduct as alleged in the complaint.

6.     The conduct of the Plaintiff was the sole proximate cause of his injuries and damages.

7.     No act or omission of this Defendant proximately caused any injury to the Plaintiff.

8.     This Defendant is entitled to a set-off, subrogation or credit, for any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

9.     Plaintiff has failed to mitigate his damages.

10.     The Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, accord and satisfaction, ratification, consent, settlement and release, acquiescence, laches, unclean hands, collateral estoppel, res judicata and/or any other related equitable doctrines.

11.     This Defendant denies the nature and extent of the injuries and damages claimed by the Plaintiff.

12.     This Defendant asserts that, on the date in question, the Plaintiff was guilty of negligence and that his own negligence proximately caused and/or proximately contributed to cause his alleged injuries and damages.

13.    This Defendant asserts that the Plaintiff assumed the risk of his actions, and therefore Plaintiff's claims are barred as a matter of law.

14.    Plaintiff's claims are barred by the doctrine of last clear chance or subsequent negligence.

15.    The Plaintiff did not suffer any injury or damage by reason of any act or omission by this Defendant.

16.    The claims asserted in the complaint are barred in whole or in part or are subject to offset.

17.    This Defendant reserves all rights and defenses as to improper venue and/or *forum non conveniens*.

18.    This Defendant asserts any alleged injuries/conditions should be apportioned to causes unrelated to this accident.

19.    This Defendant asserts that Plaintiff has failed to properly mitigate his claimed damages.

20.    Plaintiff's claims must fail because this Defendant at all times relevant conducted itself in compliance with all applicable statutes, codes and regulations.

21.    This Defendant asserts any cause of action based upon signage, markings or warning devices in place at this crossing, or lack thereof, or any alleged delay in placing said signage, markings, or warning devises is preempted and/or precluded pursuant to the Federal Rail Safety Act of 1970 (49 U.S.C.

29665202

§20101 *et seq.* (FRSA) and the Highway Safety Act of 1973 (23 U.S.C. §130, *et. seq.*) and/or federal regulations.

22.    This Defendant asserts that the Plaintiff's state law causes of action are preempted and or precluded by federal law, to include, but not limited to the Interstate Commerce Clause, Federal Rail Safety Act, and Highway Safety Act and their implementing provisions.

23.    This Defendant asserts the Plaintiff's Complaint fails to state a claim upon which relief can be granted. This Defendant asserts that any allegations that said grade crossing was ultra-hazardous are preempted by the Federal Railroad Safety Act of 1970, the Highway Safety Act of 1973, and their implementing provisions.

24.    This Defendant asserts that any allegations concerning the operation of the locomotive at an excessive or unsafe rate of speed are preempted by the Federal Railroad Safety Act and federal regulations adopted by the Secretary of Transportation including, but not limited to, 49 C.F.R. Part 213.

25.    This Defendant asserts that the Plaintiff's state law causes of action are preempted by federal law. Generally and specifically, this Defendant asserts that any allegation relative to the maintenance and/or signalization of the crossing is preempted by the Federal Railroad Safety Act of 1970, the Highway Safety Act of 1973, and their implementing provisions.

26.     This Defendant asserts that any allegations concerning the operation of the locomotive relative to horn, bell, whistle and/or light are preempted by the Federal Railroad Safety Act and federal  regulations adopted by the Secretary of Transportation, including, but not limited to, Locomotive Inspection Act, 49 U.S.C. §20701, *et. seq.*, and regulations contained in 49 C.F.R. 222 and 229.

27.     This Defendant alleges that any claims of Plaintiff against this Defendant with respect to vegetation in and adjacent to the roadbed are alleged to have created an obstruction are preempted by federal law, including, but not limited to, 49 C.F.R. 213.37.

28.     The claim of the Plaintiff for pain and suffering against this Defendant cannot be sustained because an award of pain and suffering under Alabama law by a jury that:  (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of, a pain and suffering damage award; (2) is not instructed on the limits on pain and suffering damages imposed by  the applicable principles for awarding pain and suffering, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the defendant; (3) is permitted to award pain and suffering under a standard that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes pain and suffering permissible; and (4) is not subject to judicial review on the basis of objective standards, which would violate this

29665202

Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## PUNITIVE DAMAGE DEFENSES

Further with respect to any claims for punitive damages which Plaintiff may have alleged, this Defendant pleads the following defenses to punitive damages:

1.      The Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)     It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive award against a defendant in violation of defendant's due process rights guaranteed by the Alabama Constitution.

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the defendant of due process of law in violation of the Alabama Constitution.

29665202

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the defendant of due process of law in violation of the Alabama Constitution.

(e)   An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f)   The procedures pursuant to which punitive damages are awarded cause the defendant to be treated differently from other similarly situated persons/entities by subjecting defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)   The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this defendant its rights of equal protection and due process.

(h)   The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of this Defendant's due process rights.

(i)   The procedures pursuant to which punitive damages are awarded subject defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

(j)   It is a violation of the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

(k)   The procedures pursuant to which punitive damages are awarded subject defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of this

Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(l)     The procedures pursuant to which punitive damages are awarded expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on defendant's exercise of its right to a judicial resolution of this dispute.

(m)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(n)     The Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(o)     The Plaintiff's claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

2.     The Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the Constitution and/or common law or the public policies of the United States on the following grounds:

29665202

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff's burden of satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates this Defendant's right to due process guaranteed by the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition or difference or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

(e)     The Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of this Defendant's due process rights.

(g)     The Plaintiff's claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter without a necessary relationship to the amount of actual harm caused.

(h)     The Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite, and uncertain, and they deprive this Defendant of due process of law.

(i)     The Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages causes this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(j)     The Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject this Defendant to punishment of the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of defendant' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(k)     The Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on this Defendant's exercise of its right to a judicial resolution of this dispute.

29665202

(l)    The Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

(m)    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n)    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)    The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

3.    The Plaintiff's claims for punitive damages against this Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating plaintiffs for elements of damage not otherwise recognized by Alabama law would violate this Defendant's Due Process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

4.    The Plaintiff's claims for punitive damages cannot be upheld under *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) to the extent it considers profits, if any, earned by this Defendant other than profits earned in this state which relate to the alleged wrongful conduct at issue.

5.    The Plaintiff's claim for punitive damages cannot be upheld based on

all grounds that the United States Supreme Court, in *BMW of North America, Inc.*

*v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), determined that

the provisions of Alabama law governing the right to recover punitive damages or

the determination of the amount of punitive damages violate this Defendant's

rights provided by the United States Constitution.

6.     The Plaintiff's claim for punitive damages cannot be upheld under

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d

809 (1996) to the extent it seeks to punish, influence or change this Defendant's

policies or practices nationwide rather than this Defendant's policies or practices

which occurred in this state.

7.     The Plaintiff's claims for punitive damages cannot be upheld under

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d

809 (1996) to the extent it is not based on the least drastic remedy or lowest

amount of punitive damages that could be expected to insure that this Defendant

will more fully comply with this State's laws in the future.

8.     The Plaintiff's claims for punitive damages against this Defendant

cannot be upheld to the extent they are based on purported activities in other states

(1) which may not violate the laws of those other states or (2) for which no

evidence is presented establishing that the activities violate the laws of those other

states; to do so would be to violate this Defendant's rights under the Alabama

Constitution and the United States Constitution.

9.     The Plaintiff's claims for punitive damages against this Defendant cannot be upheld to the extent they are violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages.

10.     Any claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

11.     Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendant, including, but not limited to, protection against searches and seizures,

29665202

double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.   These rights will be violated unless this Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by this Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

12.    The Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

13.    To permit the imposition of punitive damages against this Defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate this Defendant's right to Due Process and Equal Protection of the laws under the Fifth and Fourteenth

29665202

Amendments to the Constitution of the United States, and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

14.   The Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of this Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

15.   The Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20.

16.   An award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama 1901, because under Alabama law:  (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give this Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity,

29665202

objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the defendant; (e) this defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

17.    The Complaint fails to state a claim upon which punitive damages may be awarded.

18.    The Plaintiff's claims for punitive damages are subject to the statutory

29665202

caps contained in Ala. Code § 6-11-21.

19.    Plaintiff's claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20 (1993) *et seq.*

20.    Plaintiff's claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-27 (1993).

21.    This Defendant asserts that Plaintiff is not entitled to punitive damages.

22.    This Defendant reserves the right to amend its Answer to conform with the evidence.

Respectfully submitted,

*/s/Turner B. Williams*

Turner B. Williams (ASB-6757-A53T)
Al F. Teel (ASB-2400-O84V)
Attorneys for Defendant
**WATCO COMPANIES, LLC**

**OF COUNSEL:**
**BURR & FORMAN, LLP**
Wells Fargo Tower – Suite 3400
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
Email:        twilliam@burr.com
                  ateel@burr.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have served a copy of the foregoing by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 30th day of May, 2017:

Ted L. Mann, Esq.
Jerry Trapp Crowell, II, Esq.
**MANN & POTTER, PC**
600 University Park Place, Suite 250
Birmingham, Alabama  35209
Telephone:   (205) 879-9661
Facsimile:   (205) 879-9663
Email:          ted@mannpotter.com
               chip@mannpotter.com


                       *s/Turner B. Williams*
                       OF COUNSEL