**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED
2017 MAY 24 P 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **GARY L. SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO. 2:17-CV-339 |
| | ) |
| **AUTAUGA NORTHERN RAILROAD,** | ) |
| **LLC, WATCO COMPANIES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Autauga Northern Railroad, LLC ("Autauga Northern") and Watco Companies, LLC ("Watco") (collectively hereinafter referred to as "Defendants") file their notice of the removal of this action from the Circuit Court of Chilton County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendants state the following:

### I.    Background Facts Pertaining to Removal

1.    Plaintiff Gary L. Smith ("Plaintiff") commenced this action by filing a Complaint against the Defendants in the Circuit Court of Chilton County,

Alabama, Civil Action Number 14-CV-2017-900080.00, which is a state court within this judicial district.

2.    In his Complaint, Plaintiff asserts claims for negligence (Count I), wanton and reckless conduct, (Count II), negligent entrustment (Count III), failure to warn (Count IV), and failure to maintain (Count V) against the Defendant. (See Compl. at ¶¶ 14-30.) The gravamen of Plaintiff's Complaint is that his vehicle was struck by a train on or about December 21, 2016, while traveling on County Road 17 at or near the intersection of the Autauga Northern Railroad railroad tracks in the City of Maplesville, Alabama. (See id. at ¶ 6.)

3.    Plaintiff alleges that as a result of the incident, he has suffered the following injuries and damages:

- serious injuries to his person which were attended by great physical pain and mental anguish;

- permanent injuries;

- was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries;

- was caused to be permanently unable to pursue many normal and usual activities;

- property damage; and

- all other damages to which the Plaintiff may be entitled by law.

(See Compl. at ¶13(a)-(e)).

4.     There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.

## II.     Removal is Proper on the Basis of Diversity Jurisdiction.

5.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--
>
> > (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> >
> > (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6.     This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts of the United States have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    There is Complete Diversity of Citizenship Between the Parties.**

7.     Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the original complaint. *See* 28 U.S.C. §§ 1332 and 1441. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction…, the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1). As such, only the following citizenships are relevant to the removal analysis: Plaintiff Gary L. Smith and Defendants Autauga Northern Railroad, LLC and Watco Companies, LLC.

8.     Per the allegations in the Complaint, Plaintiff is a resident citizen of Alabama. (*See* Compl. at¶ 1).

9.     Defendant Autauga Northern is a Delaware limited liability company, the citizenship of which is determined by reference to the citizenship of the entity's "members." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Autauga Northern Railroad, LLC is owned by Watco Transportation Services, LLC, a Kansas limited liability company.[1] Watco Transportation Services, LLC is owned by Watco Companies, LLC, a Delaware limited liability company. Watco Companies, LLC is a limited liability company

---

[1] Attached hereto as Exhibit A is Secretary of State information for Autauga Northern Railroad, LLC, Watco Transportation Services, LLC, Watco Companies, LLC, and Watco Holdings Inc. in support of removal.

owned by Watco Holdings, Inc. Watco Holdings, Inc. is a corporation incorporated under the laws of the State of Kansas and its principal place of business is in the State of Kansas.[2]

10.     Therefore, for diversity purposes, Defendants Autauga Northern and Watco Companies, LLC are citizens of the state of Kansas.

11.     Plaintiff is a citizen of Alabama. Defendants are not—they are citizens of Kansas for diversity purposes. Thus, as demonstrated by Plaintiff's own allegations and the evidence submitted by Defendants, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.     The Face of the Complaint Establishes That The Amount In Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

12.     Diversity jurisdiction's amount-in-controversy requirement is also satisfied. *See* 28 U.S.C. § 1332.

13.     Plaintiff's Complaint prays for "compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter." (Compl. at pp. 8-11). However, he does not demand a specific dollar amount.

14.     "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that

---

[2] Attached hereto as Exhibit B in support of removal is the Declaration of Michael Gray, Assistant General Counsel for Watco Companies, LLC, explaining the corporate structure of Defendants Autauga Northern Railroad, LLC and Watco Companies, LLC.

the amount in controversy exceeds the jurisdictional requirement." *Shepherd v. State Farm Fire and Cas. Co.*, 2012 WL 3139752, at *2 (N.D. Ala. July 30, 2012) (Coogler, J.) (quoting *Williams v. Best Buy Co ., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (finding defendant's removal proper where plaintiff demanded $41,550 for one claim and an "amount to be determined by a jury" for his other claim). *See also* 28 U.S.C. § 1446(c)(2) (permitting defendant to assert amount in controversy where initial pleading does not demand a specific sum of money or permits recovery in excess of amount demand). The defendant need only show that the amount in controversy exceeds $75,000 (exclusive of interest and costs) by a "preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(B).

15.    In making the amount in controversy determination, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citations and quotation marks omitted). "[A] district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id.* (internal citations and quotation omitted). *See also Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala.

29719363 v1                                    6

2012) (Acker, J.) (relying upon "good sense and experience" in determining that amount in controversy exceeded $75,000 exclusive of interest and costs).

16.     In this case, it is facially apparent that the amount in controversy exceeds the jurisdictional minimum. Plaintiff alleges that he suffered permanent injuries and is "permanently unable to pursue many normal and usual activities." (*See* Compl. at ¶13(d)). Plaintiff further alleges that he was "caused and will be caused in the future to expend large sums of money" in medical expenses and suffered property damage. (*See id.* at ¶ 13(c)(e)). Plaintiff's allegation regarding the wanton and reckless nature of the Defendants' acts and prayer for compensatory and punitive damages demonstrates that the award sought exceeds the jurisdictional threshold.

17.     Experience and common sense demonstrate that the amount in controversy in this case exceeds $75,000.00. From 2002 to 2016, automobile negligence cases in Alabama resulted in aggregate verdicts of $289,703,071 and an average verdict of $153,770. *See* THE ALABAMA JURY VERDICT REPORTER (15th Ed. February 2017) p. 53. *Id.* Given the nature of Plaintiff's allegations (a train/automobile collision), and the jury verdicts in similar cases, it is facially apparent that the jurisdictional amount in controversy requirement is satisfied.

18.     Moreover, courts in this circuit routinely find that similar allegations meet the $75,000 amount in controversy threshold. Compensatory damages in

negligence and wantonness actions in Alabama have often resulted in substantial recoveries for mental anguish and other harms well exceeding the $75,000.00 required for diversity jurisdiction. Jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims, including mental anguish, in premises liability cases. *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 99 (Ala. 2003) (reversing judgment where jury had awarded a $100,000 general verdict, because evidence failed to establish discount store's negligence or knowledge of the condition, where drain cleaner spilled into plaintiff's face during her visit to defendant's store); *Wal-Mart Stores v. Thompson*, 726 So. 2d 651, 655 (Ala. 1998) (reversing as to wantonness claim but upholding jury verdict of $100,000 on negligence claim, based on mental anguish, where footlocker fell and hit plaintiff on head during her visit to defendant's store).

19.     Plaintiff's failure to allege that he is seeking less than $75,000 further supports the conclusion that the amount in controversy requirement is satisfied. *See, e.g., Smith* at 1335 (denying motion to remand in case where complaint did not demand specific dollar amount of damages). In *Smith*, Judge Acker concluded that, if a plaintiff "want[s] to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds," that plaintiff "will find herself in a federal court" unless she "expressly disclaim[s] any entitlement to more than $74,999.99 and categorically state[s] that plaintiff will never accept more." *Id. See*

*also Seckel v. Travelers Home and Marine Ins. Co.*, No 4:12-CV-4163-KOB, 2013 WL 360421, at *2 (N.D. Ala. Jan. 29, 2013) ("Without an affidavit from [plaintiff] stating that he will not claim any more than $74,999.999 from [defendant] in damages, this court has jurisdiction over the case and DENIES [plaintiff's] motion to remand.").

20.     In addition, Plaintiff seeks damages for allegedly wanton and reckless conduct. (*See* Count II of Compl.). Courts in this circuit have noted that for purposes of determining the amount in controversy, where a complaint "alleges that the defendants acted wantonly . . . the damages should be greater." *Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010) report and recommendation adopted, 2010 WL 4716972 (S.D. Ala. Nov. 15, 2010) (internal citation omitted); *see also Jones*, 952 F. Supp. 2d at 1284 ("The court may reasonably infer from this request that Ms. Jones is seeking greater recovery than if she were merely seeking compensation for her injuries.").

21.     Further, Plaintiff demands punitive damages. (*See* Compl. at pp. 8-11.) "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Mitchell v. Golden Living Nursing Home*, No. 2:16-CV-124-WHA, 2016 WL 3406239, at *3 (M.D. Ala. June 15, 2016) (quoting *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010)); *see also Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)

(in "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.").

22. Punitive damages can elevate the amount in controversy significantly. For example, in *Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009), the court found that the defendant had satisfied its burden of proving the amount in controversy where the plaintiff was seeking compensatory damages of $23,172.28 and punitive damages because "a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum." *See also Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, 2015 WL 4985474, at *2 (N.D. Ala. 2015) (stating that the court did not need to "overuse its common sense to conclude" that the amount in controversy exceeded $75,000 where the plaintiff sought $35,840 in contract damages and asserted a fraud claim seeking punitive damages). Thus, the fact that Plaintiff has sued for conduct allowing for punitive damages is additional proof that the amount in controversy easily exceeds the $75,000 jurisdictional minimum.

## C. Defendants Have Satisfied the Procedural Requirements for Removal.

23. Removal is timely. Defendant Watco Companies, LLC was served with the Summons and Complaint on April 25, 2017. Defendant Autauga Northern

was served with the Summons and Complaint on April 26, 2017. (*See* Service Return, Ex. C). Accordingly, Defendants' Notice of Removal is timely filed within 30 days. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Defendant has not previously sought any similar relief.

24.    The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing Chilton County, Alabama where this action is pending in state court. Venue therefore is proper under 28 U.S.C. § 1441(a).

25.    True and correct copies of "all process, pleadings, and orders" from the state court are attached hereto as Ex. C. *See* 28 U.S.C. § 1446(a); M.D. Ala. LR 81.1. No other process, pleadings, or orders have been served upon Defendants to date in this case.

26.    A true and correct copy of this Notice of Removal is being provided to Plaintiff, through his counsel of record, and to the Circuit Court of Chilton County, Alabama. *See* 28 U.S.C. § 1446(d).

27.    Defendants reserve the right to supplement this Notice of Removal and add any jurisdictional defenses to this Notice of Removal which may independently support a basis for removal.

## III.    Adoption And Reservation Of Defenses

28.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Rule 12 of the Alabama or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## IV.    Conclusion

WHEREFORE, Defendants ask that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Chilton County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Dated: May 24, 2017

_____
Turner B. Williams (ASB-6757-A53T)

Attorney for Defendants
AUTAUGA NORTHERN RAILROAD, LLC,
WATCO COMPANIES, LLC

OF COUNSEL:
**BURR & FORMAN LLP**
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail:      twilliam@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 24th day of May, 2017:

Ted L. Mann, Esq.
Jerry Trapp Crowell, II, Esq.
**MANN & POTTER, PC**
600 University Park Place, Suite 250
Birmingham, Alabama  35209
Telephone:  (205) 879-9661
Facsimile:  (205) 879-9663
Email:           ted@mannpotter.com
                    chip@mannpotter.com

OF COUNSEL