ELECTRONICALLY FILED
4/20/2017 12:46 PM
14-CV-2017-900080.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

## IN THE CIRCUIT COURT FOR CHILTON COUNTY, ALABAMA

CIVIL ACTION NO.: ._____

GARY L. SMITH;

      Plaintiff,

vs.

AUTAUGA NORTHERN RAILROAD, LLC; WATCO COMPANIES, LLC; **No. 1**, whether singular or plural, the driver of the locomotive which collided with plaintiff's locomotive and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the locomotive which collided with plaintiff's locomotive on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the locomotive(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the locomotive(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the locomotive which collided with plaintiff's locomotive was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the locomotive(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the locomotive or train involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the locomotive or train involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the locomotive or train involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance,

operation, or to the selection, training and hiring of operators of the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the locomotives involved in the occurrence made the basis of this lawsuit, for the driver of each respective locomotive or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities who were responsible for maintenance of the railroad grade crossing including, but not limited to, the vegetation, trees and shrubs on or near the railroad right of way, grade crossing or rail bed; **No. 20**, whether singular or plural, that entity or those entities that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 21**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

Defendants

## **COMPLAINT**

### **Parties**

1. The Plaintiff, Gary L. Smith, is over the age of nineteen and resident citizens of Chilton County, Alabama.

2. The Defendant, Autauga Northern Railroad, LLC (hereinafter referred to as "Autauga Northern") is a Delaware corporation with its principal place of business in Autauga County, Alabama, and it does business in Chilton County, Alabama. It was doing business in Chilton County, Alabama, at the time of the subject incident.

3. The Defendant, Watco Companies, LLC (hereinafter referred to as "Watco") is a foreign corporations doing business by agent in Chilton County, Alabama by and through Defendant

Autauga Northern.

4. Fictitious party defendants are described as follows: **No. 1**, whether singular or plural, the driver of the locomotive which collided with plaintiff's locomotive and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the locomotive which collided with plaintiff's locomotive on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the locomotive(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the locomotive(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the locomotive(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the locomotive which collided with plaintiff's locomotive was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the locomotive(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the locomotive or train involved in the collision made the basis of this lawsuit was being operated at the

3

time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the locomotive or train involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the locomotive or train involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of operators of the locomotive or train involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the locomotives involved in the occurrence made the basis of this lawsuit, for the driver of each respective locomotive or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or

4

warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities who were responsible for maintenance of the railroad grade crossing including, but not limited to, the vegetation, trees and shrubs on or near the railroad right of way, grade crossing or rail bed; **No. 20**, whether singular or plural, that entity or those entities that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 21**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

## Jurisdiction and Venue

5.Venue is proper pursuant to Alabama Code § 6-3-2(a)(3) in that the Defendant Autauga Northern is an Alabama resident citizen and the accident made the basis of this case occurred in Chilton County, Alabama.

## Facts

6.On or about December 21, 2016, while traveling on County Road 17 at or near the intersection of the Autauga Northern Railroad railroad tracks in the City of Maplesville, Chilton County, Alabama, an agent, servant, employee and/or representative of the Defendants and or one or more of the fictitious party defendants listed and described hereinabove, negligently and/or wantonly operated a train by failing to keep a proper look out, failing to alert automobiles traffic at the railroad grade crossing to the presence of the train by blowing the warning horn of the

locomotive thereby striking the vehicle occupied by the Plaintiff. The negligence and/or wantonness of the Defendants and on or more of the fictitious party defendants listed and described hereinabove, combined and/or concurred to proximately cause the injuries and damages to the Plaintiff.

7.  The Defendants Autauga Northern, Watco and one or more of the fictitious party defendants listed and described hereinabove were negligent in the maintenance and repair of the railroad grade crossing including, but not limited to, site distance clearance issues and proper maintenance of the right of way including removal of over hanging vegetation, shrubs, trees, and other objects, which blocked the view of the Plaintiff as he approached the crossing.

8.  At the aforesaid time and place, an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, was engaged in the regular course and scope of his employment for Defendants Autauga Northern, Watco as an agent, servant and/or employee and is legally responsible for his actions.

9.  On or about December 21, 2016, the Defendants Autauga Northern, Watco, were the owners of the locomotive being driven by an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, and had the right of control over the use of the locomotive. Defendants Autauga Northern, Watco, as owner of the locomotive, negligently entrusted said locomotive to an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, who negligently or wantonly operated said locomotive injuring the Plaintiff. Said negligent entrustment was a proximate cause of the Plaintiff's injuries and damages described herein.

6

10. At the aforesaid time and place, and for sometime prior thereto, the Defendants Autauga Northern, Watco, were the employer of an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, and owner of the subject locomotive being driven by an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, being a locomotive and train and as such, had the authority to supervise the maintenance, operation, and repair of said locomotive and the hiring and training of employees of said locomotive and/or train operated by or on behalf of Defendants Autauga Northern, Watco. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries as hereinafter described.

11. Fictitious party defendants listed and described in the caption hereinabove, whose more correct names and identities are unknown to Plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

12. Plaintiff alleges that the injuries and damages hereinafter described are a proximate consequence of the negligent, wanton and/or wrongful conduct of the Defendants, Autauga Northern, Watco, and one or more of the fictitious party defendants listed and described hereinabove.

13. The aforesaid wrongful, negligent and/or wanton conduct of each of the above-described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the Plaintiff was injured and damaged as follows:

    a. Plaintiff suffered serious injuries to his person which were attended by great physical pain and mental anguish.

 b. Plaintiff was caused to be permanently injured.

 c. Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries.

 d. Plaintiff was caused to be permanently unable to pursue many normal and usual activities.

 e. Plaintiff was caused to sustain property damage.

 f. All other damages to which the Plaintiff may be entitled by law.

## COUNT I

### Negligence

14. The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

15. At the times set forth hereinabove, the Defendants Autauga Northern, Watco and one or more of the fictitious party defendants listed and described hereinabove, negligently operated a locomotive which caused or allowed and/or struck the Plaintiff's vehicle thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

16. As a direct and proximate consequence of the above-described negligent and wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter.

## COUNT II

### Wanton and Reckless Conduct

17. The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

18. At the times set forth hereinabove, the Defendants, Autauga Northern, Watco, and one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly operated a locomotive which caused or allowed and/or struck the Plaintiff's vehicle thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

19. As a direct and proximate consequence of the above-described wanton and reckless conduct, the Plaintiff was injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter.

## COUNT III

### Negligent Entrustment

20. The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

21. The Defendants Autauga Northern, Watco, and one or more of the fictitious party defendants listed and described hereinabove negligently, recklessly and wantonly entrusted a locomotive and train to an agent, servant, employee and/or representative of the Defendants and/or one or more of the fictitious party defendants listed and described hereinabove, when said Defendants knew or by exercise of reasonable care should have known, that said Defendants were incompetent to use said locomotive and/or train.

22. As a direct and proximate consequence of the Defendants' wrongful conduct, the

Plaintiffs were injured and damaged as is described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter.

## COUNT IV

### Failure to Warn

23. The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

24. The Defendants Autauga Northern, Watco, and one or more of the fictitious party defendants listed and described hereinabove, failed to warn or notify the Plaintiff of the dangers associated with the locomotive, rail cars, safety appliances and crossing on which the Plaintiff was injured.

25. The Plaintiff avers that all of the injuries and damages were caused, in whole or in part, by the Defendants' negligent, reckless or wanton failure to warn or inadequate warning of the dangers associated with the ordinary and normal use of the locomotive, rail cars and crossing on which the Plaintiff was injured.

26. As a direct and proximate consequence of the above-described wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter.

## COUNT IV

### Failure to Maintain

27. The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

28. The Defendants Autauga Northern, Watco, and one or more of the fictitious party defendants listed and described hereinabove, failed to properly maintain their rail road right of way by failing to clear it of brush, shrubbery, trees and other objects blocking a motorists view of oncoming train presence on which the Plaintiff was injured.

29. The Plaintiff avers that all of the injuries and damages were caused, in whole or in part, by the Defendants' negligent, reckless or wanton failure to properly maintain their rail road right of way or inadequate warning of the dangers associated with the ordinary and normal use of the locomotive, rail cars and crossing on which the Plaintiff was injured.

30. As a direct and proximate consequence of the above-described wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of their peers plus interest and costs of this matter.

        s/Ted L. Mann
        Ted L. Mann
        E-mail: ted@mannpotter.com
        Attorney Code: MAN021

        s/Jerry Trapp Crowell, III
        Jerry Trapp Crowell, III
        E-mail: chip@mannpotter.com
        Attorney Code: CRO104

        Attorneys for Plaintiff
        Mann & Potter, P.C.
        600 University Park Place, Suite 250
        Birmingham, AL 35209
        Phone: (205) 879-9661
        Fax: (205) 879-9663

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

        s/Ted L. Mann
        Ted L. Mann

**DEFENDANTS' ADDRESSES:**

Autauga Northern Railroad, LLC
c/o CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Watco Companies, LLC
c/o CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**