# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GARY L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-339-MHT-DAB |
| | ) |
| AUTAUGA NORTHERN | ) |
| RAILROAD, LLC; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Gary L. Smith, sues Defendants, Autauga Northern Railroad, LLC ("Autauga Northern"), Watco Companies, LLC ("Watco"), and numerous fictitious Defendants for personal injuries he sustained when the vehicle he was driving was struck by a train on County Road 17 near the Autauga Northern railroad tracks in Chilton County, Alabama, on December 21, 2016. (Doc. 3-1). Before the court is Plaintiff's Motion to Remand (Doc. 15), Plaintiff's Motion for Leave to Amend Complaint and Supplement to Motion to Remand (Doc. 18), and Plaintiff's Supplemental Motion for Leave to Amend Complaint and Supplement to Motion to Remand (Doc. 20).

The parties have fully briefed the issues, including a sur-reply from Defendants. For the reasons that follow, the undersigned Magistrate recommends

Plaintiff's supplemental motion for leave to amend be granted, Plaintiff be permitted to amend his complaint, and this matter be remanded to the Circuit Court for Chilton County.

## I. JURISDICTION

Defendants removed this case from the Circuit Court for Chilton County pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff's Complaint alleges state law claims of negligence, wanton and reckless conduct, negligent entrustment, failure to warn, and failure to maintain. (Doc. 3-1). Defendants contend diversity of citizenship exists—and thus jurisdiction is proper in this court—because Defendants are citizens of Kansas and Plaintiff is an Alabama citizen. Plaintiff contests this court's diversity jurisdiction contending diversity does not exist among the parties because Engineer Matthew Davis, who was operating the train at the time of the accident and whom Plaintiff seeks to add as a Defendant, is an Alabama citizen.

The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On June 9, 2017, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Judge Myron H. Thompson. (Doc. 13); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,*

447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II. STANDARD OF REVIEW

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "If [the court] permits the amendment of the nondiverse defendant, it then must remand to the state court." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[1]

## III. PROCEDURAL AND FACTUAL BACKGROUND

On April 20, 2017, Plaintiff Gary L. Smith ("Plaintiff") filed a civil complaint in the Circuit Court of Chilton County, Alabama. (Doc. 3-1). The complaint, sounding exclusively in state law, alleges claims for negligence, wanton and reckless conduct, negligent entrustment, failure to warn, and failure to maintain against Defendants Autauga Northern and Watco. *Id.* at 8–11. Additionally Plaintiff names twenty-one fictitious defendants, including "the driver of the locomotive." *Id.* at 1. On May 24, 2017, Autauga Northern and Watco (collectively "Defendants")

---

[1] "Though *Hensgens* was decided before the enactment of § 1447(e), its analytical framework has been widely adopted as the proper method for determining whether to permit joinder where § 1447(e) controls." *D.N. ex rel. Epps v. Dreamland Amusements, Inc.*, No. CV 111-014, 2011 WL 2269411, at *2, n.1 (S.D. Ga. Apr. 20, 2011), report and recommendation adopted, No. CV 111-014, 2011 WL 2259768 (S.D. Ga. June 7, 2011); *see also Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013) ("Although *Hensgens* was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.").

removed the case to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 3).

In his complaint, Plaintiff alleges that on December 21, 2016, he was traveling on County Road 17 at or near the intersection of the Autauga Northern railroad tracks in the city of Maplesville, Chilton County, Alabama. He alleges that an agent or employee of Defendants negligently operated the train so as to collide with the vehicle in which he was riding. He asserts he suffered serious injuries as a result of the collision. He contends the railroad crossing was not properly maintained such that hanging vegetation, shrubs, and trees blocked his view as he approached the crossing. In addition, he names as defendants fictitious individuals and entities, including those individuals who negligently operated the train, failed to warn of the dangers of the crossing, and failed to maintain the crossing. (Doc. 3-1).

In May 2017, Defendants timely removed this action, asserting that diversity exists because they are citizens of Kansas and Plaintiff is a citizen of Alabama. (Doc. 3, ¶¶ 10, 11). Specifically, Defendants allege that Autauga Northern is a Delaware limited liability company, who is owned by Watco Transportation Services, LLC, a Kansas limited liability company. *Id.*, ¶ 9. Watco Transportation is owned by the Defendant Watco Companies, a Delaware limited liability company. *Id.* Watco Companies is owned by Watco Holdings, Inc., a corporation incorporated under the laws of the State of Kansas with its principal place of business in Kansas. *Id.*

Further, Defendants submit that the allegations of the complaint support claimed damages in excess of $75,000 which satisfies the jurisdictional amount in controversy. *Id.*, ¶¶ 12–20. It does not appear Plaintiff disputes the jurisdictional amount in controversy.

Plaintiff does, however, dispute that diversity of citizenship exists, and has filed a motion for remand (Doc. 15) and supplement to his motion to remand (Docs. 18, 20). In support of remand, Plaintiff initially argued that Autauga Northern had its principal place of business in Alabama. He next argued because he intended to amend his complaint to add as Defendants the employee or employees operating the train, he urged remand is warranted due to lack of diversity. One of the fictitious defendants sued by Plaintiff included "the driver of the locomotive." (Doc. 3-1, ¶ 4). Although Plaintiff did not have the names of the Defendant employees operating the train when he filed his initial complaint, he alleged his intention to amend once the name or names were discovered. *Id.* Plaintiff requested information regarding the identity of the driver though interrogatories served with the initial complaint. (Doc. 15-3). On May 25, 2017, counsel for Plaintiff wrote to defense counsel requesting the name and address of the engineer operating the train on the date of the accident. (Doc. 15-4). Plaintiff has also filed an affidavit of his counsel who states that on June 12 and June 13, 2017, he verbally and then in writing requested the name of the engineer operating the train. (Docs. 15-5, ¶ 9; 15-6). On June 23,

2017, Plaintiff moved to remand on the basis that the Defendants' employee operating the train on the date of the accident would destroy diversity. (Doc. 15 at 5). Plaintiff learned of engineer Matthew Davis' name upon receipt of the Defendants' initial disclosures, dated July 12, 2017, although Plaintiff still did not receive the address of Davis at that time. (Doc. 18-2 at 2). In a letter to defense counsel dated July 19, 2017, Plaintiff's counsel requested the home address for Matthew Davis. (Doc. 18-3). On the same date, Plaintiff moved to amend his complaint to add Matthew Davis as a named Defendant. (Doc. 18). Plaintiff alleges in his amended complaint that upon information and belief Matthew Davis is a resident citizen of Alabama. (Doc. 18-1, ¶ 4). Plaintiff argues in his motion to remand that adding the non-diverse Defendant supports his request for remand. (Doc. 15 at 1). In a letter dated July 20, 2017, defense counsel provided the address for Davis confirming his Alabama citizenship. (Doc. 20-1). Plaintiff filed a Supplemental Motion to Amend and Supplement to his Motion to Remand. (Doc. 20). In the revised Amended Complaint, Plaintiff alleges Defendant Matthew Davis is a resident citizen of the State of Alabama. (Doc. 20-2, ¶ 4).

Defendants oppose the amendment and remand. (Docs. 17, 21, 23-1). In response to Plaintiff's motions, Defendants argue that removal was proper at the time they removed the action. Defendants point out that Plaintiff's reliance on law related to corporations to determine an entity's citizenship, as opposed to the law

6

related to limited liability companies, is misplaced. Additionally, Defendants contend Plaintiff may not now add the non-diverse locomotive driver as a party to defeat diversity and fictitious party pleading may not be relied upon for purposes of determining diversity. Defendants further argue that as Matthew Davis' employer, they are vicariously liable for his alleged negligent conduct and thus his joinder serves no purpose other than to destroy diversity. In their sur-reply (Doc.no. 25), Defendants refute Plaintiff's claims of gamesmanship, pointing out that complete diversity existed when the case was removed, that Defendants were under no obligation to provide Plaintiff with names prior to their initial disclosures, and Plaintiff erred in assuming Autauga Northern was an Alabama citizen. (Doc. 23-1 at 2). Additionally, Defendants state they did provide Davis' name and address. *Id.* at 3.

**IV. ANALYSIS**

Autauga Northern is a limited liability company, and thus its citizenship for diversity purposes is determined by the citizenship of its members, *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), and not its principal place of business. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (finding allegation that "[i]ts principal place of business [was] in Scottdale, Georgia," was insufficient allegation of limited liability company's citizenship). Autauga Northern

demonstrates its members are citizens of Kansas. (Doc. 3, ¶¶ 9–20). Thus, diversity existed at the time of removal.

Plaintiff seeks to amend his complaint by adding non-diverse defendant, Matthew Davis. Courts generally "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary." *Worley v. Pfizer, Inc,*, 535 F. Supp. 2d 1252, 1254 (M.D. Ala. 2008). This discretion must be tempered, however, with the district court's close scrutiny of the proposed amendment. *Hensgens*, 833 F.2d at 1182.

In balancing a defendant's desire to maintain the federal forum with the competing interests of not having parallel lawsuits, the district court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* Here, application of these considerations, known as the *Hensgens* factors, weigh in favor of allowing the amendment. While Defendants

argue that the sole purpose of the amendment is to defeat diversity, a review of Plaintiff's complaint reveals an intent to sue the operator of the train from the outset. In his initial complaint, Plaintiff was specific in referencing the "driver of the locomotive," although he did not have the driver's name at the time. (Doc. 3-1, ¶ 4). And while Defendants are correct that generally fictitious-party pleading is not permitted in federal court, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), at a minimum, Plaintiff's listing the fictitious defendant with specificity in his state court complaint and indicating an intent to amend upon discovery of his name evidences the inclusion of the non-diverse defendant was not merely an after-thought to defeat diversity.[2]

Regarding the second factor, the court finds that Plaintiff was not dilatory in seeking to amend. Plaintiff has proffered sufficient evidence to support his efforts to discover the name of the non-diverse Defendant. With his initial complaint, Plaintiff served discovery which included questions about the train operator's identity. (Doc. 15-3, ¶ 4). Plaintiff's counsel sent multiple letters to defense counsel seeking the name and address of train crew members, including the engineer operating the locomotive involved in the accident. (Docs. 15-4, 15-6, 18-3).

---

[2] It is worth noting that Plaintiff initially alleged Autauga Northern was an Alabama citizen for jurisdictional purposes. Although this allegation turned out to be incorrect, it does lend support to Plaintiff's contention that the engineer was not included as a Defendant to destroy diversity.

Defendants take the position they were under no obligation to reveal Davis' name until their initial disclosures were due pursuant to Fed. R. Civ. P. 26(a)(1). Additionally, Defendants refute that they have been unfair or involved in "game playing." (Doc. 23-1 at 1). Giving Defendants the benefit of the doubt that there was not an intentional withholding of the name, the issue is still whether Plaintiff delayed in asking for the amendment. The Court finds that he did not. Despite Defendants' representation that the address of the operator of the train was provided, the record supports that the Alabama address for Mr. Davis was provided by letter dated July 20, 2017, *see* (Doc. 20-1), and Plaintiff filed his supplemental motion for leave to amend the next day. (Doc. 20). Thus, the court finds Plaintiff has not been dilatory and concludes this factor weighs in favor of allowing the amendment.

In determining whether Plaintiff will be significantly injured by not allowing the amendment, courts consider whether a plaintiff will be forced to prosecute separate lawsuits in two different courts. In opposing the amendment here, Defendants argue Plaintiff will not be prejudiced because adding Davis as a Defendant is not necessary because he is a dispensable party. Defendants submit that they "will be able to meet the obligations, if any, a jury may assess against it and its employees for the conduct alleged by Plaintiff in his proposed Amended Complaint." (Doc. 21 at 10). While that may be the case, Defendants have denied in their pleadings the Plaintiff's allegations that the negligent employees were in the

course and scope of their employment with Defendants and that Defendants are legally responsible for the conduct of the employees. (Docs. 1, ¶ 8; 2, ¶ 8). Thus, at present, the issue of respondeat superior is disputed. The court cannot say at this juncture if the Plaintiff will prevail on that dispute, and therefore the Plaintiff would need to initiate a separate lawsuit in state court against Davis in order to preserve those claims against him if Plaintiff was not permitted to add Davis as a Defendant in this lawsuit. As such, Plaintiff would undoubtedly be prejudiced if required to incur the expense and time associated with pursuing a parallel lawsuit in state court against Davis. This poses a "significant" risk of injury to Plaintiff's litigation interests if he is not permitted to amend. Thus, as to the specific considerations set forth in *Hensgens*, the factors favor amendment, albeit not overwhelmingly so.

Finally, in determining whether to allow the amendment, courts will consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. If Plaintiff is required to pursue a separate lawsuit in state court against Davis, there exists the potential of inconsistent results and a waste of judicial resources. The court finds here that the interests of efficiency and judicial economy favor litigating all of Plaintiff's claims relating to the December 2016 incident in a single lawsuit. Duplicative litigation arising from the same incident and involving similar parties must be weighed in the balance of equities. *See id.* (a defendant's interest in a federal forum must be weighed against "the danger of parallel federal/state proceedings with

the inherent dangers of inconsistent results and the waste of judicial resources"). While the balance of the equities should include consideration of Defendants' right to choose a federal forum, the court observes that Plaintiff initiated this case in state court and intended from the outset to sue the non-diverse train operator. The train operator's name was not on the incident report, nor would local law enforcement reveal his name to Plaintiff's counsel. *See* (Doc. 15-4). Plaintiff sought to discover his name and address through interrogatories and letters to defense counsel. (Docs. 15-3, 15-4, 15-6, 18-3). When Davis' identity and address were learned, Plaintiff promptly moved to amend. (Docs. 18, 20). The evidence of record supports Plaintiff was diligent in his efforts to discover the identity of Davis, whom he intended to sue from the initial filing of his complaint in state court. For these reasons, the court finds, based on the balance of equities, that Plaintiff's proposed amendment should be permitted under 28 U.S.C. § 1447(e). Allowing amendment of the non-diverse Defendant Davis would divest this court of subject matter jurisdiction, and remand would be required. *See Hensgens*, 833 F.2d at 1182 ("If [the district court] permits the amendment of the nondiverse defendant, it then must remand to the state court.").

V. **CONCLUSION and ORDER**

For the reasons stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Plaintiff's Supplemental Motion for Leave to Amend Complaint and Supplement to Motion to Remand (Doc. 20) be **granted**; Plaintiff's Motion for

Leave to Amend Complaint and Supplement to Motion to Remand (Doc. 18) be **denied as moot**, and Plaintiff's Motion to Remand (Doc. 15) **be granted**.

It is further **RECOMMENDED** that Plaintiff be directed to file his Amended Complaint (Doc. 20-1) within five days of the court's order on this Report and Recommendation, and upon the filing of the Amended Complaint the matter be immediately remanded to the Circuit Court for Chilton County, Alabama, Case No. 14-cv-2017-90.0080.0.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before December 1, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended** this 16th day of November, 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE